### TALMAGE *v.* GIEGER.

*(City Court of New York, General Term.* December 17, 1891.)

MODIFICATION OF CONTRACT BY PARTIES—REPAYMENT OF LOAN.
　　Upon a loan of money, the borrower agreed to repay it by furnishing board to the lender, but afterwards compelled the lender to pay board in cash, and to leave the house because of ill treatment. *Held,* that the loan became payable in money.

Appeal from trial term.

Action by William H. Talmage, assignee of E. Sanderson, against Antonio Gieger, for money loaned. Verdict and judgment for plaintiff. Defendant appeals from the judgment and order denying a motion for a new trial. Affirmed.

Argued before VAN WYCK and MCCARTHY, JJ.

*T. Mitchell Tyng,* for appellant.　*Campbell & Murphy,* for respondent.

VAN WYCK, J.　The complaint alleges that plaintiff's assignor lent $625 to defendant. The answer is a general denial, and contains an affirmative defense that the money was lent, not by plaintiff's assignor, but by another person, under an agreement to be repaid only when defendant was able, and that she has not since been able to do so. Plaintiff's assignor testified that she lent the money with an understanding that she was to board it out with defendant, and she further testified as follows: "The reason I did not board out this money was because she [defendant] would not let me board it out. She made it so unpleasant for me. She insisted on my paying every week, and I did pay. I lived with her during this year and a half, and paid my board; and it was during that time, as I understood it, that I was to board this money out; and I paid her without any deduction. I paid my board regularly,—$25 a week;" and that defendant made it so unpleasant for her that she left the house; and that five or six months after she left she requested a written acknowledgment of the loans from defendant, who signed and gave her Exhibit A, which reads: "Received from Mrs. E. Sanderson the sum of $250, $200, $100, and $75; in all $625." The defendant, in her testimony, adheres closely to her alleged defenses, and says that the money was not to be boarded out by defendant, and that all except $50 was loaned by a person other than defendant, only to be repaid when defendant was able to do so. At the close of the case defendant moved for a dismissal of the complaint on the ground that, according to plaintiff's assignor's testimony, the money was to be repaid in board, and not in money; that there is no promise to pay, as the pleadings require; and, there being no demand, or no claim whatever, for the right to board it out shown, there is no cause of action shown against the defendant. This motion was denied, and excepted to, and the case submitted to the jury, who found for plaintiff, which, it seems, was eminently proper, under the circumstances. The fact that plaintiff's assignor boarded with defendant for a year and a half at $25 a week, which defendant would

v.17 N.Y.s.no.3—29

not permit to be applied on account of the loans, although these weekly payments aggregated more than three times the amount of the loans, would seem to clearly indicate, in conjunction with the written acknowledgment of the loans, given, as requested, subsequent to these weekly payments and the time that plaintiff's assignor says she was forced from defendant's house by reason of ill treatment, that the parties had waived and changed the original agreement in so far as to make the loans payable in money, and not in board, for it cannot be said that the defendant, who had received nearly $2,000 for board of plaintiff's assignor for the very period during which she was to repay these loans of $625 by such board, will be permitted to insist that the contract to so repay the same by boarding plaintiff's assignor is still in force, since she has forced plaintiff's assignor to pay these weekly sums during that period, instead of allowing her to apply them on account of these loans, and thus to have fully repaid the same. The plaintiff's judgment should not be disturbed, and is therefore affirmed, with costs.